888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emil Frederick PLATSKE, Defendant-Appellant.
 No. 89-1087.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, a United States citizen residing in Michigan, was placed on trial for failure to file federal income tax returns for the years 1981, 1982, 1983, and 1984. After the district court rejected a contention that the income tax law applies only to non-resident citizens and resident aliens, the jury returned a verdict of guilty.
 
 
 2
 Appellant challenges the sufficiency of the evidence on which he was convicted. He also contends that the trial court erred in refusing to require the government to turn over allegedly exculpatory evidence and in refusing to give three requested jury instructions embodying his somewhat imaginative theory as to the reach of the income tax law. We do not find any of appellant's contentions persuasive, and we shall affirm the conviction.
 
 
 3
 As to the sufficiency of the evidence, appellant maintains that testimony to the effect that the Covington (Kentucky) IRS Service Center had no record of any returns from appellant for the years in question did not show that there had been a failure to file such returns. In this connection appellant put on a witness who interpreted the relevant computer printout differently than the government's witness.
 
 
 4
 "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). All inferences and all issues of credibility must be resolved in favor of the jury's verdict. Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). Applying these principles here, we find no basis for reversing the conviction.
 
 
 5
 Appellant also complains of the trial court's refusal to require the government to honor 27 requests made by appellant for allegedly exculpatory material, including information about 18 separate systems of records maintained by the Internal Revenue Service. The government denied that this material was exculpatory, and the trial court agreed it was not.
 
 
 6
 A defendant's right to receive exculpatory material in the possession of the government applies only to information which, if disclosed, would make an acquittal reasonably probable. United States v. Kelly, 790 F.2d 130 (D.C.Cir.1986). That test has not been met here.
 
 
 7
 Appellant's final argument relates to requested jury instructions embodying the theory that under the Sixteenth Amendment a non-apportioned income tax may not be imposed on resident citizens. This theory is invalid; the district court did not err in refusing to give the instructions.
 
 
 8
 Rule 38 of the Federal Rules of Appellate Procedure provides for an award of single or double costs to the appellee if a court of appeals determines that an appeal is frivolous. This appeal, in our view, is frivolous. The judgment of the district court is therefore AFFIRMED with an award of double costs.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Chief Judge of the United States District Court for the Middle District of Tennessee, sitting by designation